MARGARET L. PATTERSON v. J. M. WILSON and wife.

*New Trial—Evidence— Witness— Will.*

1. Where one party was permitted to introduce evidence impeaching and contradictory of that given by witnesses for the other, and the latter was allowed to recall the assailed witnesses and examine them again upon the controverted matter: *Held*, that any error in admitting the contradicting evidence was removed by the opportunity for re-examination thus given.

2. The admission of immaterial evidence is not ground for a new trial, though incompetent, unless it appears that it did or had a tendency to prejudice the party complaining.

3. While under some circumstances the declarations of a testator are competent upon the question of the *factum* of the will, they are not competent upon the question of the interpretation of the contents of the will.

This is a CIVIL ACTION, which was tried before *Boykin, J.,* at February Term, 1888, of MECKLENBURG Superior Court.

The action was brought to recover a tract of land, the plaintiff claiming the same under a clause of the will of Wm. Patterson, in which he devises to her " the plantation on which I now live," and the *feme* defendant claiming the same under another clause of said will in which he devises to her his " Reid plantation."

There was evidence introduced by the plaintiff tending to show that the testator considered the *locus in quo* a part of the plantation on which he lived, and intended the same for the plaintiff, while there was evidence introduced by the defendants tending to show the contrary, and that it was considered by him as part of his Reid plantation and intended for the defendant Leonora.

The contest was mainly over the question as to what lands were embraced in the " Home " and " Reid " tracts, and where was the dividing line between them.

The jury rendered a verdict for the defendants, and from the judgment thereon the plaintiff appealed.

The other facts necessary to an understanding of the points decided in the appeal are stated in the opinion.

*Messrs. W. P. Bynum* and *C. W. Tillet*, for the plaintiff.
*Messrs. Burwell & Walker* (filed a brief), for the defendants.

MERRIMON, J. The first and third exceptions rest upon the same ground, and are clearly not well founded. The appellant assigns as error that two witnesses produced by the appellees were allowed, the appellant objecting, to give evidence of facts tending to contradict and impeach two witnesses examined by her in respects and as to matters purely collateral to the issues submitted to the jury—the witnesses so contradicted not having been cautioned on their respective examinations that they would be contradicted in the respects mentioned. This might be error, but for that the witnesses so impeached were recalled for the purpose, and allowed to testify and make explanations as to the alleged collateral matters wherein it was sought to impeach them. This certainly obviated the appellant's objection and rendered the grounds of it harmless. The appellees contended that the evidence of the witnesses so controverted was directly material to the issues submitted, but we need not decide whether it was so or not, as what we have said disposes of the exceptions.

Nor has the second exception any substantial force.

" A witness was asked if Patterson (a witness for the appellant) abandoned the survey—the one made by Jetton at the request of both parties? He said, 'Yes.' He was then asked if he assigned a reason? He said, 'Yes; he handed in the papers, and said he was going to give up the survey; that his sister Margaret and Sidney (Houston) were dissatisfied with the will, and he never had been satisfied.'

The plaintiff objected to the evidence. The objection was overruled, and the plaintiff excepted."

This evidence was unimportant, and, as far as we can see, immaterial. It does not appear that any stress was placed upon it on the trial; and if it had any bearing at all upon the issues, it was as much in favor of one party as the other. It was so little important that its admission, though perhaps not strictly proper, was not ground for a new trial. The admission of immaterial evidence is not ground for a new trial, unless it appears that it did, or the tendency of it was, to prejudice the party complaining. There is scarcely the slightest probability that the evidence objected to had any weight with the jury.

Nor can the fourth exception be sustained.

" H. H. Cathey, a witness for the defendant, had testified that shortly before the testator's death, he and testator were at the point ' B ' on a day when a fence was burned, and that testator then told the witness that B was a corner of his Reid place, calling attention to the stone and the letters and figures on it.

The plaintiff, for the purpose of showing that the testator was not present that day, proposed to prove by the witness Houston, who had been recalled, that the testator, on the night of that day, inquired how much of the fence was burnt.

This evidence was objected to by the defendant. The objection was sustained, and the plaintiff excepted."

This proposed evidence was hearsay, and was properly rejected upon that ground, as well as because it was immaterial. The inference intended to be drawn from it was very remote, in any possible view of it, and besides, it was not inconsistent with what the witness intended to be impeached by it said.

Nor can the fifth and last exception be sustained.

" The plaintiff offered herself as a witness, and proposed to testify that she had heard a conversation between her father,

the testator, and her mother, before the will was made, wherein he stated that he expected to give her the woodland.

It is stated by counsel for the plaintiff, that if witness proves the conversation, they will argue that the testator intended by the will to devise the land to the plaintiff.

The defendant objected to the evidence, the objection was sustained, and the plaintiff excepted."

The evidence thus proposed was incompetent. The very purpose of putting the will in writing was to declare and express the testator's settled intentions in respect to his property, to establish the certain evidence of such intentions, and such evidence must prevail, no matter what he may have said before or after its execution. Otherwise, the will would serve no practical purpose—it would be but a solemn mockery subject to the whims of every day—to the incautious and variant expressions made by the testator in the hearing of different people in respect to his purposes as to the final disposition of his property. The will is made the evidence—the sole and the best evidence—of the testator's intentions and disposition of his property affected by it.

The case of *Reel* v. *Reel*, 1 Hawks, 248, cited by the learned counsel for the appellant, has no application here. That was a contest of the will then in question—the purpose was not to interpret it and ascertain its meaning. The evidence as to what was said by the supposed testator was for the purpose of showing that he did or did not execute a valid will. In such case, no doubt, the pertinent declarations of the testator for proper purposes might be evidence. In the case under consideration, however, the evidence was offered to prove the meaning of the will as to the disposition of certain land disposed of by it.

The Court properly held that the evidence was inadmissible.

Affirmed.